UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| K. ADRIAN LEADS LLC, | ) | Case No. 24-61758-BEM |
| | ) | |
| Debtor. | ) | Judge Ellis Monro |
| | ) | |

OBJECTION OF DEBRA RODMAN TO CHAPTER 7
TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING (I) THE
SALE OF PROPERTY FREE AND CLEAR OF ALL LIENS, INTERESTS, AND
ENCUMBRANCES AND (II) DISBURSEMENT OF CERTAIN PROCEEDS AT CLOSING

COMES NOW Debra Rodman and objects to the Trustee's Motion for Order Authorizing Sale of

Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and

Disbursement of Certain Proceeds at Closing (the "Sale Motion") [Docket No. 31], and in support of this

Objection respectfully states as follows:

PRELIMINARY STATEMENT

1. The Trustee's proposed sale of the real property located at 1000 Leadenhall Street, Alpharetta,

Georgia (the "Property") is premature and materially undervalues the Property.

2. The Sale Motion seeks approval of a $1.7 million transaction after marketing the Property for less

than two months—a timeframe that is wholly inadequate given the nature, location, and potential value of

the Property. This truncated sale process raises serious concerns as to whether the Trustee has fulfilled

his duty to maximize value for the benefit of creditors and the estate.

3. Critically, the Motion offers no appraisal or broker opinion of value, nor any supporting analysis

to justify the sale price or confirm that it represents fair market value. Instead, the Trustee relies solely on

4906-9587-4874, v. 1

a representation that the offer is "the highest and best," with no evidence that any competitive process was pursued or that other prospective purchasers were solicited.

OBJECTION

A. The Sale Process was Too Fast and Lacked Adequate Marketing.

4. According to the Sale Motion, the listing agreement with Chapman Hall Realty (the "Broker") commenced on or about January 26, 2025, and the Purchase and Sale Agreement was executed with the proposed buyer on March 17, 2025—barely a seven-week window for marketing a property of this scale and value .

5. The Motion makes no mention of what efforts the Broker took to market the Property or otherwise maximize the value of the Property. There is likewise no disclosure of how the proposed purchaser was identified or selected. A marketing period of this brevity is insufficient and does not comport with the Trustee's fiduciary duty to obtain the highest possible return.

6. Courts have consistently required trustees and debtors-in-possession to demonstrate that adequate notice and marketing efforts were made to ensure transparency and value maximization. Here, the Trustee has not met that standard. *See In re Bakalis*, 220 B.R. 525, 532 (Bankr. E.D.N.Y. 1998) ("A duty is imposed upon the trustee to maximize the value obtained from a sale, particularly in liquidation cases."); *In re Psychrometric Systems, Inc.*, 367 B.R. 670, 674 (Bankr. D. Colo. 2007) (noting importance of marketing in achieving fair value for estate property).

B. The Sale Price is Inadequate and Lacks Supporting Valuation Evidence.

7. The proposed sale price of $1.7 million appears low for real estate in the Alpharetta market. Yet, the Motion is devoid of any objective support—such as an independent appraisal, comparative market analysis, or expert opinion—to justify that amount.

4906-9587-4874, v. 1

8. In the absence of such evidence, this Court cannot determine whether the proposed sale price is reasonable, fair, or in the best interests of creditors. This alone is grounds to deny the Motion.

9. A trustee's obligation to maximize the value of estate property is especially critical in a Chapter 7 case where assets are being liquidated for the benefit of unsecured creditors. Approving this sale without further marketing or valuation risks a breach of that obligation.

WHEREFORE, Rodman respectfully requests that the Court deny the Sale Motion and grant such other and further relief as the Court deems equitable and just.

This 24th day of April, 2025.

KELLEY & CLEMENTS LLP

By:      /s/ Charles N. Kelley, Jr.
Charles N. Kelley, Jr.
Georgia State Bar No. 412212
Counsel for Debra Rodman
P.O. Box 2758
Gainesville, GA 30503
(770) 531-0007
ckelley@kelleyclements.com

4906-9587-4874, v. 1

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I did this file the above and foregoing Notice with the Court via its

CM/ECF system, which will provide notice to all parties entitled to the same.

This 24th day of April, 2025.

_/s/ Charles N. Kelley, Jr._

Charles N. Kelley, Jr.

4906-9587-4874, v. 1